6672

STATE *EX REL.* ATTORNEY GENERAL LYON v. RIDDOCK
& BYRNES.

1. INJUNCTION—JURISDICTION—RULE.—Upon petition by Attorney General, alleging certain persons are maintaining and will maintain indefinitely on the premises of a corporation, with its knowledge and consent, a business which is declared by statute to be a nuisance, and for removal of which the State has no adequate remedy, this Court upon so finding will enjoin both the individuals and the corporation from continuing the nuisance.

2. IBID.—IBID.—RULE—NUISANCE—SUMMONS.—This Court has jurisdiction to hear and determine whether a statutory nuisance is being maintained, upon petition and rule issued by one of the Justices of this Court, returnable to the Court, without service of summons.

3. IBID.—NUISANCE—RULE—CONSTITUTIONAL LAW.—Requiring one by rule on petition to answer under oath whether he is maintaining a statutory nuisance, which is made a crime by statute, does not require respondent to testify against himself in violation of the rights accorded him by Fifth Amendment to the Constitution of United States and sec. 17 of art. 1 of Constitution of this State.

4. IBID.—IBID.—JURY—CONSTITUTIONAL LAW.—A statutory nuisance may be declared by this Court to be maintained by one, without trial and conviction by a jury, and such adjudication by the Court does not deprive the individual of the right to trial by jury accorded him by sec. 2, art. III of Constitution of United States, and secs. 5 and 25 of art. I of Constitution of this State.

Proceeding by Attorney General J. Fraser Lyon on behalf of the State by petition and rule issued by Mr. Justice Gary, returnable to the Court, against Riddock & Byrnes, E. W. Blitch and the Charleston Consolidated Railway Gas and Electric Company, to enjoin the maintenance of a nuisance.

PETITION.

The first paragraph of the petition alleges the copartnership of Riddock & Byrnes and the employment by them of E. W. Blitch.

The second alleges the incorporation of the Charleston Consolidated Railway Gas and Electric Company, that it owned and operated street car lines and a lighting plant and

that it owned a certain property commonly known as the "Isle of Palms," being a hotel and pleasure resort "and having thereon a pavilion and an apartment designated 'Club Room,' which property is leased and rented to the respondents Riddock and Byrnes and used as hereinafter alleged."

3. "That the property above mentioned is used as a hotel and general pleasure resort; that part of a building thereon is known as 'Club Room' and is now, and has for a long time heretofore been maintained and used by the said Riddock & Brynes and E. W. Blitch as a place for people to resort for the purpose of drinking alcoholic liquors and beverages; that alcoholic liquors and beverages which have not been tested and found pure and free from poisonous and deleterious matter as provided by law are sold and dispensed by the respondents E. J. Riddock, Wm. Byrnes and E. W. Blitch, upon the premises above described, and the above mentioned respondents permit persons to resort to the said premises for the purpose of drinking the above described alcoholic liquors and beverages. That said resort, used and maintained as alleged herein, is a common nuisance, the same being so declared by sec. 29 of an act of the Legislature known as the dispensary law, approved February 16th, 1907. See Acts 1907, p. 463. That said resort is owned, kept, maintained and manged by the respondents mentioned in this paragraph of this petition.

4. "That petitioner is informed and believes that the Charleston Consolidated Railway, Gas and Electric Company wilfully and with full knowledge permits its premises hereinbefore described to be used as a resort for the purpose of drinking alcoholic liquors and beverages and aids and assists in the violation of the law of the State by transporting alcoholic liquors and beverages over its line of railway to the said resort, which is a place where the sale of alcoholic liquors and beverages is forbidden by law. That the said place mentioned by the respondents Riddock & Byrnes and E. W. Blitch is not a dispensary or place where alcoholic liquors and beverages may be sold according to law.

5. "That said E. J. Riddock, Wm. Byrnes and E. W. Blitch will continue to occupy said place and to keep and use the same as a place for the sale of alcoholic liquors and beverages which have not been tested and found to be pure and free from poisonous and deleterious matters, and their use and consumption is against the morals, good health and safety of the State and contraband; and will continue to occupy said place and maintain the same as a common nuisance and place where persons are permitted to resort for the purpose of drinking alcoholic liquors and beverages, all of which will be done indefinitely in the future; and the said Charleston Consolidated Railway, Gas and Electric Company will continue to permit such use of said place unless restrained and forbidden by the injunction of this honorable Court; that said place is a common nuisance of great injury to the public, which injury is irreparable and cannot be compensated in damages; and your petitioner is informed and believes that the State has no adequate remedy at law and that the said nuisance will be continued unless the respondents be restrained and enjoined by this honorable Court.

6. "That the affidavits marked A, B, C and D, and attached to this petition are made a part hereof and reference thereto is respectfully craved.

"Wherefore the said J. Fraser Lyon, as Attorney General for and on behalf of the State of South Carolina, prays:

1. "That the said respondents may be perpetually enjoined from using or permitting to be used the said premises as a place where alcoholic liquors and beverages not having been tested and found to be pure and free from poisonous and deleterious matters are sold.

2. "That said respondents may be perpetually enjoined from permitting persons to resort to the said premises for the purpose of drinking alcoholic liquors and beverages.

3. "That in the meantime the respondents may be enjoined until the further order of the Court from using or permitting to be used the said premises as a place where alcoholic

liquors and beverages not having been tested and found to be pure and free from poisonous and deleterious matters are sold or dispensed in any manner; and from permitting persons to resort to the said premises for the purpose of using the same as a resort for drinking alcoholic liquors and beverages.

4. "And for such other and further relief as to the Court may seem just and equitable."

### RULE.

"On hearing the complaint and affidavits in the above stated case, it is

"ORDERED, that the respondents E. J. Riddock, William Byrnes, E. W. Blitch and Charleston Consolidated Railway, Gas and Electric Company show cause before the Supreme Court, at Columbia, S. C., on the 28th day of September, 1907, at 11 o'clock in the forenoon, or as soon thereafter as counsel can be heard, why an injunction should not be issued restraining you and each of you from selling or dispensing in any manner alcoholic liquors and beverages not having been tested and found pure and free from poisonous and deleterious matters as provided by law, upon the property belonging to the Charleston Consolidated Railway, Gas and Electric Company, located on the Isle of Palms, in the County of Charleston, and used as a hotel, pavilion and general pleasure resort and commonly known as the 'Isle of Palms;' that you also show cause why an injunction should not be issued restraining you from permitting persons to resort to the premises herein described for the purpose of drinking alcoholic liquors or beverages.

"AND IT IS FURTHER ORDERED, that the said respondents, their agents and servants be in the meantime restrained and are hereby forbidden to suffer or commit any of said acts until the further order of this Court.

"IT IS FURTHER ORDERED, that the respondents shall in the meantime have the right to apply to me, upon giving the

Attorney General four days' notice, to set aside the restraining portion of this order.

"IT IS FURTHER ORDERED, that this original order be exhibited to the respondents, and that copies of the petition, affidavits and of this order be served upon them.

"EUGENE B. GARY,

"Associate Justice."

RETURN.

"E. J. Riddock and William Byrnes, partners doing business as Riddock & Byrnes, and E. W. Blitch (upon whom has been served a certified copy of an order signed by the Honorable Eugene B. Gary, Associated Justice, wherein and whereby it is ordered that they do show cause before this Court on this the 28th day of September, 1907, at 11 o'clock in the forenoon, why an injunction should not be issued restraining them from the alleged commission of certain acts therein set forth), appearing solely for the purpose of moving to dismiss this rule, so far as they are concerned, and for no other purpose whatever, and so especially appearing, represent:

"First. That this Court has no jurisdiction in this case against these respondents, because no process has ever been issued or is pending against these respondents, inasmuch as an inspection of the record shows that no summons has been issued or attempted to be served or served on them, nor has any order of the Court requiring them to plead, answer or demur to the petition herein been issued or attempted to be served, or served on them, and that no such process being issued, it is respectfully submitted that the Honorable Eugene B. Gary, Associate Justice of this Court, was without jurisdiction to make said order, and this Honorable Court is without jurisdiction to hear the rule issued as aforesaid, there being no cause pending under the rules of the practice and statutes of this State justifying the issuance of the rule to show cause, or of restraining order herein.

"Second. That an inspection of the record in this case shows that the cause of action, and subject matter thereof,

is for the purpose of having declared as a common law
nuisance certain acts in said petition alleged to constitute a
common law nuisance, under the provisions of an act of the
General Assembly of the State, and that a writ of injunction
is prayed for simply and solely as an incident to a judicial
finding by this Court, that the alleged common law nuisance
exists.    That this Court is without jurisdiction to consider,
try and determine the question of the existence of a nuisance,
either common or statutory, which jurisdiction is vested
solely in the courts of *nisi prius*, to wit: Court of Common
Pleas of the State of South Carolina, where alone a trial by
jury can be had.

"Third.  That the act of the General Assembly of South
Carolina is in the nature of a penal statute, is in derogation
of the common law and is by its express terms and practice
a police regulation, defining a crime and providing a punish-
ment therefor by fine or imprisonment, and upon the allega-
tions of the petition herein these respondents are herein
charged with the commission of such crime under said
statute.    That these respondents being required to show
cause why a temporary injunction should not issue and also
to plead to the petition herein are compelled either to admit
the allegations of the petition (which is duly verified and
requires a sworn answer) or to deny and make a sworn
answer constituting such denial, and if the allegations in the
petition be true and the respondents admit the same to be
true, to compel the respondents by such admission to testify
against themselves by a sworn admission in a judicial pro-
ceeding, thereby convicting themselves of a crime; or if
denying under oath, and the facts in the criminal proceed-
ing under the statute aforesaid, are introduced and proved
against them, to subject them to an indictment and conviction
for perjury by reason of having denied by their sworn
answer that which is proved in the trial of the criminal cause
to be true, and that the effect of being so compelled to
plead deprives these respondents of their constitutional priv-
ilege and is in direct violation of the Fifth Amendment of

the Constitution of the United States and sec. 17, art. I of the Constitution of the State of South Carolina.

"Fourth. These respondents further show that the act of the General Assembly aforesaid, under its terms and provisions expressly contemplates a criminal proceeding, trial and conviction, and that until there has been such proceeding, trial and conviction, the nuisance contemplated by the statute does not exist in contemplation of law.

"Fifth. That the jurisdiction of this Court sitting as a court of equity cannot be invoked to enjoin a nuisance which is statutory strictly, in derogation of the common law, and is not a common law nuisance, and the compelling of these respondents to plead herein and the issuance of a temporary injunction herein, deprives these respondents of their constitutional right to a trial by jury on the charge of a commission of a crime and is in violation of sec. 2, art. III of the Constitution of the United States, and secs. 5 and 25, art. I of the Constitution of the State of South Carolina.

"Sixth. That these respondents are entitled, under the Constitution and statutes of this State, to have the allegations of the petition constituting a crime against themselves, tried before and a verdict found by a jury and that this Court is without any process or procedure by which any issue of fact raised in the case can be referred to a jury for finding, and that, therefore, this Court is without jurisdiction under the circumstances.

"Seventh. That the petition contains no allegation alleging injury to property rights, and even if the facts alleged constitute a common law nuisance, the court of equity is without jurisdiction under such circumstances.

"Wherefore these respondents pray, though specially appearing, as hereinbefore set forth, that as to them these proceedings be dismissed with costs."

The return of the Charleston Consolidated Railway, Gas and Electric Company was of like tenor.

*Attorney General Lyon* on behalf of the State.

*Mr. T. Moultrie Mordecai* on behalf of Charleston Consolidated Railway Gas and Electric Co.

*Mr. John P. Grace* on behalf of Reddock and Byrnes and E. W. Blitch.

### ORDER.

September 28, 1907.   PER CURIAM.   This cause coming on to be heard, the respondents made special appearance and motion to dismiss.   After hearing argument,

IT IS ORDERED, adjudged and decreed by the Court that this Court has jurisdiction of the subject matter and parties hereto, and the motion of the respondents is overruled.

It having been ordered by the Court that the respondents should answer to the rule on the merits; counsel for respondents having stated to the Court that under advice of counsel respondents would not answer, the Attorney General then moving for a writ of perpetual injunction against the respondents.

Now, on motion of the Attorney General, it is ordered,

That the respondents, E. J. Riddick, Wm. Byrnes, E. W. Blitch and Charleston Consolidated Railway, Gas and Electric Company, and their officers, agents, servants, successors and assigns, be, and they are hereby, perpetually restrained and enjoined from using, or permitting to be used the said premises described in the petition herein, being certain property on the Isle of Palms, in the County of Charleston, in this State, commonly known as the "Isle of Palms," being a hotel and general pleasure resort and having therein a pavilion and an apartment designated "Club Room," as a place where alcoholic liquors and beverages, not having been tested and found to be pure and free from poisonous and deleterious matters, are sold, or dispensed in any manner, and from keeping, using and maintaining, or permtiting to be used, kept or maintained, the said premises above described as a place where persons are permitted to resort for the purpose of drinking alcoholic liquors and beverages.

IT IS FURTHER ORDERED, that this original order be exhibited to each of the respondents, and that certified copies thereof be served upon respondents.

IT IS FURTHER ORDERED, that a certified copy of this order be filed with the Clerk of Court of Charleston County.